E. T. SHIPP v. S. M. HIBBLER ET AL.

[Kentucky Law Reporter, Vol. 4—47.]

**Fraudulent Conveyance of Land.**

Where a father in the year 1862 put his daughter into possession of a farm and executed to her a memorandum that "This is to show that the farme I own in Harrison county, of two hundred and forty-seven and a half acres, known as the William H. Wilson farme, I give to my daughter, Louisa Sims, to have and to hold until her death, and then to go to her children. * * * This 17th of April, 1862," and in 1875 conveyed the land to his said daughter and her husband for life, with fee to their children, it is held that creditors of the father, becoming such after 1862, can not subject such land to their claims.

**Possession as Notice to Creditors.**

Where the donee of real estate is given a memorandum showing the gift, and enters into possession, even if the memorandum is not recorded, the creditors of the donor, becoming such after such possession and claim of ownership under the gift, must take notice and be on their guard.

APPEAL FROM BOURBON COURT OF COMMON PLEAS.

June 24, 1882.

OPINION BY JUDGE HINES:

This is an action by appellant to set aside a voluntary conveyance and to subject the land conveyed to the payment of appellant's debts against the appellee, S. M. Hibbler. The conveyance was made by S. M. Hibbler to his daughter, Mrs. Sims, and her husband, for life (with remainder to her children, and it bears date February 22, 1875, subsequent to the debt of appellant. It is, therefore, claimed that the conveyance is void as to appellant. To this Mrs. Sims and husband answer that they took possession of the land, claiming it under a parol gift from S. M. Hibbler, and that subsequently the parol gift was consummated by a writing, which reads as follows:

## MEMORANDUM.

"This is to show that the farme I own in Harrison county, of two hundred and forty-seven and a half acres, nowin as the Wil-

liam H. Wilson farme, I give to my daughter, Louisa Sims, to have and to hold until her death, and then to go to her children. This 17th of April, 1862.

"Given under my hand.                    S. M. Hibbler."

The evidence shows that at the date of this writing S. M. Hibbler had two children, to the other of whom he had previously advanced much more than the value of this gift to the daughter; that he was not indebted to any one, in fact, was worth some $45,000, and that Mrs. Sims and husband had held and claimed this land, under this gift, for about thirteen years before the creation of the debt to appellant. No question is made as to the genuineness of the writing nor as to the identity of the land.

It is insisted that the writing is not effectual, because not recorded. The recording of a conveyance does not affect the rights of the parties themselves, but is intended as a notice to creditors and purchasers for their protection, and as the gift was accompanied by possession and by claim to ownership under the gift there was notice which was sufficient to put purchasers and creditors upon guard.

It is also insisted that appellee, Mrs. Sims, should not be allowed to rely upon the writing of 1862, because of the acceptance of the deed of February, 1875, which it is claimed is essentially different. There is no material difference in the terms of the writing of 1862 and the deed of 1875, but if there was it would be no cause of complaint on the part of appellant, provided the writing of 1862 completed the gift from S. M. Hibbler to Mrs. Sims and could have been enforced against Hibbler. The terms of the writing of 1862 are a life interest to Mrs. Sims with remainder to children, while the deed of 1875 is to Mrs. Sims and husband, for their joint or several lives, with remainder to children. If the writing of 1862, with the facts accompanying it, constitute a gift, as we are clearly of the opinion that it did, it was competent for the parties to the gift, so far as it might affect strangers, to make any disposition they chose of the property. There is nothing in the suggestion that appellee, Mrs. Sims, can not rely upon the writing of 1862, because she accepts the deed of 1875. She, in fact, relies upon the writing of 1862 in the pleadings, and upon the deed of 1875 as a final completion of the original agreement to make formal conveyance.

The writing sufficiently describes the land. The only object of description is identification, and that object is accomplished by the writing. Besides, no question is made as to the identity of the land. *Ford v. Ellingwood,* 3 Met. (Ky.) 359.

Judgment *affirmed.*

*Huston & Mulligan, E. M. Dickson, for appellant.*

*J. Q. Ward, J. & J. W. Rodman, J. H. Webster, Cunningham & Turney, for appellees.*